UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALMETALS, INC.,

            Plaintiff,

v.

MARWOOD METAL
FABRICATION LIMITED,

            Defendant.

_____/

Civil Action No.: 19-13254
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO STAY UNDER THE
<u>COLORADO RIVER</u> DOCTRINE [ECF NO. 13]**

**I.  Introduction**

Plaintiff Almetals, Inc., a Michigan Corporation, sues Defendant Marwood Metal Fabrications Limited, a Canada Corporation doing business in Ontario.  [ECF No. 1].  Almetals claims are for breach of contract, unjust enrichment and action for the price under UCC § 2-709 and M.C.L. § 440.2709.  [*Id.*].  Less than a week before Almetals filed its complaint, Marwood had filed an action against Almetals in the Ontario Superior Court of Justice, alleging breach of contract, negligence and negligent representation.  [ECF No. 14-3].  Marwood now asks this Court to abstain

from exercising jurisdiction and stay this matter under *Colorado River Water Conservation Dist. et al. v. United States*, 424 U.S. 800 (1976). [ECF No. 13]. The Honorable Paul D. Borman referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A).[1] [ECF No. 16]. The Court held a hearing on June 10, 2020, and now denies Marwood's motion.

## II.   Background

Almetals describes itself as "a supplier of specially-procured aluminum and services." [ECF No. 1, PageID.3]. Since about 2009, Almetals supplied aluminum coils to Marwood, which manufacturers parts for the automotive industry. [ECF No. 14-3, PageID.351]. The parties agreed to Blanket Purchase Order 9382 in 2012. [ECF No. 1-5, PageID.33-42; ECF No. 13-1, PageID.257-262]. Both parties refer to PO 9382 as underlying their contractual relationship since then. [ECF No. 1,

---

[1] During the hearing, the Court said it would be issuing a report and recommendation under 28 U.S.C. § 636(b)(1)(B). But a review of the referral order shows that it was referred for hearing and determination under § 636(b)(1)(A). In addition, § 636(b)(1) does not describe a pretrial motion to stay as requiring a report and recommendation. *See also Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-CV-1144, 2011 WL 31044, at *1 (W.D. Mich. Jan. 5, 2011) (denying motion to stay premised on *Colorado River* on referral under § 636(b)(1)(A); *Carter v. Mitchell*, No. 1:98-CV-853, 2013 WL 1828950, at *1 (S.D. Ohio May 1, 2013) (describing a prejudgment motion to stay as "nondispositive and thus within the decisional authority of a magistrate judge").

2

PageID.4; ECF No. 14-3, PageID.352]. But the parties rely on different versions of PO 9382. Marwood's motion to stay includes the 2012 version, which incorporated by reference Marwood's terms and conditions. [ECF No. 13-1, PageID.261]. Marwood's terms and conditions identify the governing law as being "the laws of the Province of Ontario and Canada." [ECF No. 13-1, PageID.264]. Almetals' complaint, in contrast, includes a version of the PO with May 2019 updates; this version includes no reference to Marwood's terms and conditions. [ECF No. 1-5, PageID.41].

In its complaint, Almetals alleges that Marwood failed to make payment on five invoices for a total of $101,461.86 from September 2019 that were issued for aluminum that had been supplied under PO 9382. [ECF No. 1-2, PageID.12-16]. The invoices referred to part numbers CC431000 and 58431000. [*Id.*]. Almetals says that Marwood employees signed order acknowledgements for those parts that included a choice of law provision:

> Both Parties agree that any dispute brought by litigation shall be brought in the Oakland Circuit Court for the State of Michigan, or US Federal District Court, Eastern District, Southern Division. Each party irrevocably waives any claim that any suit, action or proceeding brought in either of the aforesaid forums has been brought in an incorrect forum. This instrument shall be governed by and construed in accordance with the laws of the State of Michigan without reference to conflicts of law principles.

3

[ECF No. 14-2, PageID.342, 347].

Though Marwood relies on its earlier filed action to request that this Court stay this case, it did not attach a copy of its statement of claim to its motion. [*See* ECF No. 13-1 (declaration of Tyler Wood with attachments)]. But, in support of Almetals' argument that this action is not parallel to the one in the Ontario court, its response includes a copy of Marwood's statement of claim. [ECF No. 14-3]. Marwood's action centers on Almetals' alleged failure to timely deliver product from May to July 2019, nearly causing Subaru of Indiana Automotive Inc. to shut down its line and harming Marwood's relationship with Subaru. [*Id.*, PageID.351, 354-356]. During the hearing, counsel for Marwood acknowledged that the transactions at issue in Almetals' complaint are different than those in Marwood's action.

### III.   Analysis

In *Colorado River*, the seminal opinion on which Marwood relies, the Supreme Court emphasized that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. 424 U.S. at 817. A federal court should abstain in favor of an action in another jurisdiction only in "extraordinary and narrow" circumstances. *Id.* at 813 (citation and

4

quotation marks omitted). Before deciding that a case falls within one of those extraordinary circumstances, a court must first find that the two actions are parallel. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). If the two proceedings are parallel, a court must then assess eight factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] ... (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206-07 (6th Cir.2001) (quoting *Romine,* 160 F.3d at 340-41). These factors should be balanced "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 16 (1983).

The *Colorado River* "doctrine is almost always used in situations where the parallel proceeding is in a state court, but is applied in the same manner when a federal court proceeding is parallel to a court proceeding in a foreign country." *Grammar, Inc. v. Custom Foam Sys., Ltd.*, 482 F. Supp. 2d 853, 857 (E.D. Mich. 2007).

5

## A. Parallelism

When deciding the threshold issue, courts need not find "exact parallelism"; "it is enough if the two proceedings are substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998) (citation, quotation marks and brackets omitted). To be substantially similar, the two actions must be "predicated on the same allegations as to the same material facts." *Id.; see also Preferred Care of Delaware, Inc. v. VanArsdale*, 676 F. App'x 388, 393 (6th Cir. 2017).

In *Grammar*, the court found that the case before it was parallel to a Canadian action. 482 F. Supp. 2d at 857. The court reasoned, "These two actions are substantially similar. The principal issue in both actions is the same set of commercial transactions that occurred between the same two parties, and the resolution of the contractual rights and duties in either of the pending cases will likely resolve the issues in the other case." *Id.* In *Taylor v. Campanelli*, parallelism was found when the parties in the two actions were substantially similar and the factual allegations were "nearly identical." 29 F. Supp. 3d 972, 977 (E.D. Mich. 2014). In contrast to *Grammar* and *Taylor*, the court in *Aleris Aluminum Canada, L.P. v. Behr Am., Inc.*, found that the action before it was not parallel with the state court

proceeding even though both actions arose from the same contractual relationship. No. 09-CV-10734-DT, 2009 WL 2351762, at *4 (E.D. Mich. July 28, 2009).

> The complaints in the cases at issue here—though they involve the same or related parties, and presumably arise out of the same continuing 'requirements contract' relationship—do not involve the same purchase orders or causes of action. Each of the complaints involve distinct acts of 'breach.' Thus, they are not truly concurrent, parallel proceedings.

*Id.*

Here, Marwood asserted, "It is hard to imagine a more concrete example of parallel actions. Both suits involve the same parties and arise from the same business transaction." [ECF No. 13, PageID.225]. The Court cannot agree with Marwood's assertion that the two suits arise from the same business transaction. As noted, although both cases rely in some part on PO 9382, they involve different transactions and alleged breaches. Thus, resolution of Marwood's claim about Almetals' alleged delay in shipping product will not resolve whether Marwood is liable for failing to make payments on Almetals' invoices. The factual allegations about the parties' contractual relationship will overlap, but the allegations of breach in the two actions are not "predicated on the same allegations as to the same material facts." *Romine,* 160 F.3d at 340; *Preferred Care of Delaware,* 676 F. App'x at 393.

7

Unlike in *Grammar*, the two actions do not involve "the same set of commercial transactions that occurred between the same two parties" such that "the resolution of the contractual rights and duties in either of the pending cases will likely resolve the issues in the other case." 482 F. Supp. 2d at 857. In contrast to *Taylor,* the two actions do not have factual allegations that are "nearly identical." 29 F. Supp. 3d at 977. As in *Aleris Aluminum Canada*, this action and the one in Ontario involve distinct acts of breach, meaning that they "are not truly concurrent, parallel proceedings. 2009 WL 2351762 at *4.

With that conclusion, the Court finds that Marwood's motion to stay lacks merit. *Romine* 160 F.3d at 339.

### B. Application of *Colorado River* Factors

Even if this action was parallel with the Ontario action, the Court would not find that this action should be stayed under the *Colorado Rivers* factors.

### 1. Res or Property

The Ontario court has not assumed jurisdiction over any *res* or property, so the first factor is irrelevant.

### 2. Convenience of Federal Forum

The second factor is "whether the federal forum is less convenient to the parties." *PaineWebber*, 276 F.3d at 206-07 (quoting *Romine*, 160 F.3d at 340-41). Almetals argues that Marwood waived any argument that this Court is less convenient because its employees signed order acknowledgment forms for the orders that were not paid. [ECF No. 14-2, PageID.342, 347]. Those order acknowledgment forms included a forum selection clause requiring litigation to be brought in this Court or in Oakland County Circuit Court and indicating that Michigan law applies. [*Id.*].

In its reply brief, Marwood argues that Almetals' forum selection clause is "hopelessly ambiguous" because the term "litigation" is not defined. [ECF No. 15, PageID.463-464]. Marwood asserts that it is not clear whether Almetals' forum selection clause means that claims must be brought by Almetals in Michigan or means that Marwood must file its actions in Michigan. [*Id.*]. The Court finds that it is Marwood's argument, rather than Almetals' forum selection clause, that is hard to follow.

Marwood also argues that the forum selection clause is unenforceable because a party may not unilaterally alter a contract. But Marwood acknowledged at the hearing that the individuals who Almetals says signed the order acknowledgment forms are Marwood employees. If

9

Marwood's employees signed the order acknowledgment forms, the modification to the contract that Almetals alleges occurred through those forms would not be unilateral. *See In Quality Prod. & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 372; 666 N.W.2d 251 (2003) (stating that a contract may be modified by "mutual assent").

Marwood notes that the order acknowledgment forms attached to Almetals complaint are different than those attached to its response brief. [*Compare* ECF No. 1-3 *with* ECF No. 14-2, PageID.342, 347]. But Marwood did not explain the legal significance of that argument; it cited no authority that Almetals could not rely on forms that were not attached to its complaint to oppose Marwood's motion to stay.

Marwood then said at the hearing that the Court could allow some limited discovery before deciding if Almetals' forum selection clause is applicable to the transactions at issue in Almetals' complaint. The Court agrees that the determination of whether Almetals' forum selection clause is applicable to the invoices at issue is premature on the current record. The current record is insufficient for the Court to definitively conclude that the proffered order acknowledgement forms relate to the September 2019 invoices at issue because the order acknowledgment forms were signed in April 2019. [ECF No. 14-2, PageID.342, 347]. Almetals correctly notes

that the invoices and order acknowledgment forms refer to the same part numbers and other details. [*Compare Id.*, *with* ECF No. 1-2, PageID.14-16]. But Almetals does not explain the differences in the dates and does not provide an affidavit to affirm that the April 2019 order acknowledgment forms relate to the allegedly unpaid September 2019 invoices.

Having said that, even if the order acknowledgement forms were not used for the specific transactions at issue, Marwood's employees' signatures on those forms suggests that they believed, in general, that this Court is a convenient forum. *See LMP B&B Holdings, LLC v. Hannan*, No. CV 19-385, 2019 WL 4447627, at *6 (E.D. Pa. Sept. 16, 2019) ("[I]n the context of the *Colorado River* analysis, a party subject to a valid forum selection clause waives arguments that the forum is inconvenient."). And Marwood acknowledged at the hearing that it does business in the Eastern District of Michigan, putting it on notice that it could be subject to the jurisdiction of this Court. *Mor-Dall Enterprises, Inc. v. Dark Horse Distillery, LLC*, 16 F. Supp. 3d 874, 883 (W.D. Mich. 2014) (describing personal jurisdiction under Michigan's long-arm statute). Marwood argues that most of the witnesses for this action do not reside in the Eastern District of Michigan. That fact, alone, does not show that this is an inconvenient forum or move the bar against the exercise of jurisdiction.

### *3. Avoidance of Piecemeal Litigation*

The third *Colorado River* factor, which addresses the danger of piecemeal litigation, is the paramount consideration and "occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341.

Opposing Marwood's argument that denial of the stay will lead to piecemeal litigation, Almetals cites *United Am. Healthcare Corp. v. Backs*, which denied a stay and reasoned in part, "The cases involve two entirely different contracts executed at two entirely different times. Thus, it does not appear that the risk of piecemeal litigation is present." 997 F. Supp. 2d 741, 754 (E.D. Mich. 2014). But Marwood points out in its reply that Almetals' vice president wrote in an affidavit submitted to the Ontario court that both actions "essentially require an interpretation of the contractual documentation between the parties." [ECF No. 15-1, PageID.482]. He wrote that he "believe[d] it to be true that there is a danger of inconsistent verdicts in relation to the interpretation of the contracts if the Ontario action is tried in Ontario and the Michigan complaint is tried in Michigan." [*Id.*]. It is unquestionably true that Almetals' argument in this Court is inconsistent with its position in the Ontario court.

Even so, the Court does not find that the piecemeal-litigation factor favors a stay. In *Aleris Aluminum Canada*, the court found this factor to be close, reasoning, "The claims involve different time frames, different facts, and different purchase orders, but they all do evolve out of the same 'requirements contract' relationship." 2009 WL 2351762 at *5. This description applies equally here, but this Court does not find this factor to be close. That is because, even though both this and the Ontario action evolve from the same general contractual relationship, and there is a danger of inconsistent interpretations of that contractual relationship, the danger addressed by *Colorado River* is conflicting *results*. *Romine*, 160 F.3d at 341. A *result* in the Ontario action that Almetals is liable for the delays described in Marwood's statement of claims would not conflict with a *result* that Marwood is liable for failing to pay the invoices at issue in the complaint here.

Considering the requirement that the factors be construed "with the balance heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone Memorial Hospital*, 460 U.S. at 16, the Court finds that this factor does not support Marwood's motion to stay.

13

### *4. Remaining Factors*

The remaining factors are "(4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the [foreign] court action to protect the federal plaintiff's rights; (7) the relative progress of the [foreign] and federal proceedings; and (8) the presence or absence of concurrent jurisdiction." *PaineWebber*, 276 F.3d at 206-07 (quoting *Romine*, 160 F.3d at 340-41).

About the fourth and seventh factors, Marwood filed its statement of claim days before Almetals filed its complaint here and discovery has not begun in either court. These factors are inconsequential here.

Relating to the fifth factor, Marwood argues that either Ontario law or Michigan law would govern the outcome of this case, not federal law. That is mostly true, except federal law governs the enforceability of a forum selection clause when an action is brought in federal court. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 826-28 (6th Cir. 2009). Under federal law, "A forum selection clause should be upheld absent a strong showing that it should be set aside." *Id.* Almetals has made a strong but less than definitive case that its forum selection clause applies to the transactions at issue in its complaint, and that Michigan law thus applies. If Michigan law does apply, this Court is at least equally well-suited to apply that law as the

14

Ontario court. *See Oldcastle Precast, Inc. v. Sunesis Const. Co.*, No. CIV.A. 5:07-81-JMH, 2007 WL 1655380, at *5 (E.D. Ky. June 6, 2007) ("Since a federal court sitting in Kentucky is at least equally as well-suited to apply Kentucky law as an Ohio state court, this is not one of those rare circumstances" justifying the surrender of jurisdiction). In fact, in *S2 Yachts, Inc. v. ERH Marine Corp.*, the court found that a forum selection clause stating that Michigan law governed weighed against surrendering jurisdiction in favor of a foreign court (in the Dominican Republic). No. 1:18-CV-389, 2018 WL 7858774, at *5 (W.D. Mich. Nov. 16, 2018).

The Court rejects Almetals' arguments about the sixth and eighth factors. There is no reason to doubt that the Ontario court would adequately protect Almetals' rights, and the Court rejects Almetals argument that the forum selection clause defeats the Ontario court's ability to exercise jurisdiction of Almetals claims. "Enforcement of a forum selection clause . . . is not jurisdictional." *Auto. Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 743 (7th Cir. 2007). Despite rejecting Almetals arguments about the sixth and eighth factors, the Court does not find that they tip the balance in favor of a stay.

For all these reasons, even if this action and the one in the Ontario court are parallel, the balance of the *Colorado River* does not weigh in favor of Marwood's motion to stay.

## IV. Conclusion

The Court **DENIES** Marwood's motion to stay **[ECF No. 13]**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: June 17, 2020

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 17, 2020.

                <u>s/Marlena Williams</u>
                MARLENA WILLIAMS
                Case Manager